IN THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 2 1 2017

1:31 pm

CLERK, U.S. DISTRICT COURT

By _____
                 Deputy

| | | |
|---|---|---|
| HERBERT J. WALKER | § | |
| and | § | |
| JUDY WALKER | § | |
|      Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:17-CV-172-A |
| | § | |
| PARKER COUNTY, TEXAS | § | |
|      Defendant. | § | |

## COMPLAINT AT LAW AND JURY DEMAND

Now come the Plaintiffs, HERBERT J. WALKER and JUDY WALKER, Individually and as Father and Independent of Administrator of the Estate of Coy Wayne Walker, deceased and in support of their Complaint at Law and Jury Demand states as follows:

Plaintiffs, HERBERT J. WALKER and JUDY WALKER, are persons of the full age of majority and a resident of Weatherford, Texas, Northern District of Texas, HERBERT J. WALKER and JUDY WALKER on behalf of themselves and as independent administrator of Coy Walker, Deceased son, who was also a resident of Weatherford, Texas, Norther District of Texas.

## INDEX OF COUNTS

| Count I | Page 85 (303-387) | Parker County Sheriff's Office | 42 U.S.C. § 1983 |
|---|---|---|---|
| Count II | Page 4 | Brockway | 42 U.S.C. § 1983 |
| Count III | Page 4 | Stark | 42 U.S.C. § 1983 |
| Count IV | Page 5 | H.L.Casey - B. Overholt | |
| Count V | Page 5 | Chris Kristofek | |
| Count VI | Page 5 | Larry Fowler | |
| Count VII | Page 6 | Ranger Trace McDonald | |
| Count VIII | Page 6 | Ranger Bradford | |
| Count IX | Pages 8, 13, 18, 19, 22, 23, 24, 25, 26, 42-50, 78, 82, 83, 84, 88, 99, 93-97, 98-102, 103-108, 109-112, 114-118, 119-123, 126-128, 129, 134, 135-138, 139, 144, 145, 148-149, 150-154, 155-158, 159, 161-162, 442-443. Stark & Bradford | | |
| Count X | Pages 308-309, 383-387, 398, 399, 438-441, 354-361 Damages | | |

1

**PARTIES**

1.      Plaintiffs, HERBERT J. WALKER and JUDY WALKER, are persons of the full age of majority and a resident of Weatherford, Texas, Northern District of Texas, HERBERT J. WALKER and JUDY WALKER, sue on behalf of themselves and as independent administrators of Coy Walker, Deceased, unmarried adult son, who was a resident of Weatherford, Texas, Northern District of Texas.

2.      Defendant Brockway, Badge # 2596, is a resident of Texas and is a Parker County Sheriff Deputy.  At all times relevant to this case, Brockway was operating under color of law and in the course and scope of her agency and/or employment relationship with the Parker County Sheriff's Department and pursuant to the Parker County Sheriff's Department customs, policies, and practices which were the moving force behind that constitutional violations asserted herein.

3.      Defendant Parker COUNTY ("COUNTY") is authorized by the laws of the State of Texas to operate within Parker County.  As part of its responsibilities and services, the COUNTY also operates a law enforcement agency (the Parker County Sheriff's Department) that, among other duties, operates and controls the Parker County.  Parker County is located at 129 Hogle Street, Weatherford, Texas 76086 in the County of Parker, Texas.  Defendant Parker County employed persons including Brockway, Eathen Stark (2451), in the course and scope of their employment, were required to observe, watch over, and manage persons placed in custody within Parker County. At all relevant times herein, the COUNTY acted under color of law and pursuant to certain customs, policies, and practices that were the moving force behind the constitutional violations asserted herein.

4.      Defendant Christopher Kristofek, Badge # 2596, officer at Parker County Sheriff and is a resident of Texas.  At all times relevant to this cause, he was operating in the course and scope of her agency and/or employment relationship with the Parker County Sheriff's Office, acting under color of law, and pursuant to the COUNTY's customs, policies, and practices which were the

2

moving force behind the constitutional violations asserted herein.

5.      Defendant Larry Fowler is elected Sheriff of Parker County and is a resident of Texas.  At All times relevant to this cause, he was operating in the course and scope of his agency and/or employment relationship with the Parker County Sheriff's Office, acting under color of law, and pursuant to behind the constitutional violations asserted herein.

6.      At all times material throughout this complaint, Defendant H.L. Casey, Badge # 2445, acted under color of state law, ordinance, and/or regulation, and in the course and scope of his employment with the Parker County Sheriff's Office and Pursuant to the Parker County Sheriff's Office's customs, policies, and practices which were the moving force behind the constitutional violations asserted herein.

7.      At all times material throughout this complaint, Defendant Christopher Kristofek acted under color of state law, ordinance, and /or regulation, and in the course and scope of his employment with the Parker County Sheriff's Office pursuant to Parker County's customs, policies, and practices which were the moving force behind the constitutional violations asserted herein.

8.      At all times material throughout this complaint, Defendant Larry Fowler acted under color of state law, ordinance and/or regulation, and in the course and scope of his employment as the elected Sheriff of Parker County, Texas customs, policies, and practices which were the moving force behind the constitutional violations asserted herein.

9.      At all times material throughout this complaint, Defendant Tracy McDonall, was a Texas Ranger and is a resident of Texas acted under color of state law, ordinance, and/or regulation, and in the course and scope of his employment with the Texas Rangers, State of Texas, and pursuant to State customs, policies, and practices which were the moving force behind the constitutional violations asserted herein.

10.     At all times material throughout this complaint, Defendant Bradford, was a Texas Ranger and is a resident of Texas acted under color of state law, ordinance, and /or regulation, and in the course and scope of his employment with the Parker County Sheriff's Office pursuant to Parker County's customs, policies, and practices which were the moving force behind the constitutional violations asserted herein.

11.     At all times material throughout this complaint, Defendant Sgt. Montgomery, Badge # 1475, was an officer at Parker County Sheriff's Office and is a resident of Texas acted under color of state law, ordinance, and/or regulation, and in the course and scope of his employment with the Parker County Sheriff's Office and pursuant to Parker County's customs, policies, and practices which were the moving force behind the constitutional violations asserted herein.

12.     At all times throughout this complaint, Defendant Heather Case was a photographer for Parker County Sheriff's Office and is a resident of Texas acted under color of state law, ordinance, and/or regulation, and in the course and scope of her employment with the Parker County Sheriff's Office pursuant to Parker County's customs, policies, and practices which were the moving force behind constitutional violations asserted herein.

13.     At all times throughout this complaint, Defendant B. Overholt, Badge # 1998, was an officer at the Parker County Sheriff's Office and is a resident of Texas acted under color of state law, ordinance, and/or regulation, and in the course and scope of her employment with the Parker County Sheriff's Office pursuant to Parker County's customs, policies, and practices which were the moving force behind constitutional violations asserted herein.

14.     On or about May 24, 2015, Brockway threatened Coy Walker with bodily injury by pointing the Taser at him and saying words to the effect of "I'll tase you".

15.     On or about May 24, 2015, Brockway used force and/or a threat of force to remove Coy Walker from 2055 Ranger Highway, Weatherford, Texas.

4

16.     On or about May 24, 2015, Brockway placed handcuffs on the left hand of Coy Walker placing him under arrest.

17.     On or about May 24, 2015, Stark wrestled Coy Walker to the ground.

18.     On or about May 24, 2015, Stark slammed Coy Walker's head to the ground.

19.     On or about May 24, 2015, Stark jumped on the neck of Coy Walker.

20.     On or about May 24, 2015, Stark falsified an allegation of assault on a public servant against Coy Walker for purposes of arresting him and taking him into custody.

21.     On or about May 24, 2015, Coy Walker was searched and no weapons, illicit drugs, or contraband were located.

22.     On or about May 24, 2015, the property of Herbert J. Walker was searched and no weapons, illicit drugs, or contraband were located.

23.     On or about May 24, 2015, Defendants including Stark and Brockway failed to timely allow life-saving medical treatment.

24.     On or about May 24, 2015, Defendants including Stark and Brockway failed to timely transport Coy Walker for the administration of timely and appropriate life-saving medical treatment.

25.     On or about May 24, 2015, Coy Walker died while under the custody and control of Parker County Sheriff's Office.

26.     On or about May 24, 2015, Coy Walker was survived by his parents Herbert J. Walker and Judy Walker, and his brothers Thomas N. Walker and Adam W. Walker twin to Coy Walker.

27.     Each of the Defendants, including Brockway and Stark, caused and is responsible for, the unlawful conduct described herein, and resulting injuries by, among other things, personally participating in the unlawful conduct, acts or omissions, or acting jointly with the others who did so; by authorizing, acquiescing in or setting into motion policies, with deliberate indifference to Coy Walker's rights, to initiate and maintain adequate training and supervision; and by ratifying the unlawful conduct that occurred by agents and officers under their discretion and control, including failing to take remedial or disciplinary action.

28.     The Defendants, including Stark and Brockway, each acted under color of law and deprived Coy Walker of his constitutional rights, including his right to be free from excessive and unreasonable force in violation of the Fourth Amendment and pursuant to 42 U.S.C. § 1983.

29.     The Defendants, including Stark and Brockway, were deliberately indifferent to protecting Coy Walker from harm and failed to prevent said harm, further failed to provide urgently needed medical care and their conduct was unreasonable in failing to protect Coy Walker from harm.

30.     During all relevant times, despite Defendants' knowledge that Coy Walker struggled with heat stroke and convulsions they were deliberately indifferent to his high risk of heat stroke.

31.     During all relevant times, Defendants, with specific notice of Coy Walkder's ongoing medical issues of heat stroke and convulsions, failed to offer or procure appropriate intervention and failed to ensure that he received the medical attention he needed for his serious, immediate and life threatening condition.

## Count I
### Ethan Stark - 42 U.S.C. § 1983, Excessive Force, and False Arrest/Imprisonment

Plaintiff re-alleges Paragraphs 1-31 of the Complaint.

6

32.     Coy Walker was in a special relationship with the Defendant, within the meaning of the case law interpreting 42 U.S.C. § 1983 and the Constitution, which guarantees equal protection of the laws and prohibits any person acting under color of federal law, from subjecting any person under custody to punitive conditions of confinement without due process of law.

33.     Defendant, acting under color of law and withing the scope of his responsibilities or employment and authority, intentionally and with conscious, callus, deliberate and unreasonably indifference deprived Coy Walker of his constitutional rights.

34.     The Defendant's above and below described conduct, acts and/or omissions constitute deliberate indifference to Coy Walker's medical and psychological needs, was unreasonable and violated his rights under the Fourth Amendment to the United States Constitution and violated 42 U.S.C. § 1983.

35.     The above-described acts and omissions by Defendant Ethan Stark demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Coy Walker.

36.     As a result of Defendant Ethan Stark's violations of Coy Walker's constitutional rights, Coy Walker suffered substantial injuries, including but not limited to physical injury, pain and suffering, mental anguish, damages and ultimately death.

37.     Coy Walker exercised his rights, or attempted to do so, under the United States Constitution.

38.     Defendant Ethan Stark deprived Coy Walker of his rights guaranteed by the United States Constitution and federal statutes.

39.     In the events alleged above, Defendant Ethan Stark acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Coy Walker of his rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

7

40.     In the events alleged above, Defendant Ethan Stark acted under color of law and deprived Coy Walker his constitutional rights, including his right to be free from excessive and unreasonable force in violation of the provisions of the Fourth Amendment.

41.     As a direct and proximate result of the foregoing, Defendant Ethan Stark, individually and as an agent and/or employee of Parker County Sheriff's Office deprived Coy Walker of his rights and privileges as a citizen of the Untied States, and Defendant Ethan Stark cause Coy Walker to suffer injury and death, of which has caused the general damages requested by Plaintiffs in an amount in excess of the applicable jurisdictional amount, to be proved at trial.

42.     The claims and causes of action for injuries to the health, reputation, and person sustained by Coy Walker are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

43.     The claims and causes of action for the wrongful death of Coy Walker are brought by his parents Herbert J. Walker and Judy Walker, on behalf of themselves an all rightful heirs, pursuant to Texas Civil Practice and Remedies Code Sections 71.002-004.


**Count II**
**Deputy Stark and Deputy Brockway 42 U.S.C. § 1983**


Plaintiff's re-allege Paragraphs 1-43 of the Complaint.

44.     On May 24, 2015, Defendants Stark and Brockway acted under color of law.

45.     In the events alleged above, Defendants Stark and Brockway acted contrary to law, and intentionally, willfully, wantonly and unreasonably deprived Coy Walker of his rights, privileges,

and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

46.     The above-described acts and omissions by Defendants demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Coy Walker.

47.     On or about May 24, 2015, at various points in time, Coy Walker was not adequately monitored while in custody.

48.     On or about May 24, 2015, Parker County Sheriff's Office personnel, including but not limited to Defendants Stark and Brockway, were willful, wanton, and reckless in failing to provide adequate monitoring of Coy Walker to keep him safe and secure.

49.     On or about May 24, 2015, Parker County Sheriff's Office personnel, including but not limited to Defendants Stark and Brockway, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Coy Walker in failing to keep him free from injury, harm, and death.

50.     On or about May 24, 2015, Parker County Sheriff's Office personnel, including by not limited to Defendants Stark and Brockway, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Coy Walker in failing to keep him in a safe and suitable environment where he could be kept free from injury, harm, and death.

51.     On or about May 24, 2015, Parker County Sheriff's Office personnel, including but not limited to Defendant's Stark and Brockway, were willful, wanton, and reckless in not providing adequate medical care and attention to Coy Walker when he was found convulsing on the floor.

52.     On or about May 24, 2015, Parker County Sheriff's Office personnel, including but not limited to Defendants Stark and Brockway, did not allow EMS to transport Coy Walker to a medical facility to be seen by a physician.

53.     As a direct and proximate result of the foregoing, Defendants Stark and Brockway individually and as an agents and/or employees of Defendant Parker County Sheriff's Office, deprived Coy Walker of his rights and privileges as a citizen of the United States, and cause Coy Walker to suffer injury and death, of which has caused the general damages requested by Plaintiffs in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

54.     The claims and causes of action for injuries to the health, reputation and person sustained by Coy Walker are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

55.     The claims and Causes of action for the wrongful death of Coy Walker are brought by his parents, Herbert J. Walker and Judy Walker, on behalf of themselves and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

56.     Defendant, Parker County Sheriff's Office, by and through its agents and/or employees, Deputy Stark and Deputy Brockway, deprived Coy Walker of his rights guaranteed by the United States Constitution and federal statues.

57.     Defendant Parker County Sheriff's Office, by and through its agents and /or employees, Deputy Stark and Deputy Brockway, violated 42 U.S.C. § 1983.

## Count III
### Deputy Stark and Deputy Brockway - Negligence

Plaintiffs re-allege Paragraphs 1-57 of the Complaint.

58.     On May 24, 2015, Defendants Stark and Brockway acted under color of law.

59.     In the Events alleged above, Defendants Stark and Brockway acted contrary to law, and

negligently, intentionally, willfully, wantonly and unreasonably deprived Coy Walker of his rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

60.     The above-described acts and omissions by Defendants demonstrated a negligent and even deliberate indifference to and conscious disregard for the constitutional rights and safety of Coy Walker.

61.     On or about May 24, 2015, at various points in time, Coy Walker was not adequately monitored while in custody.

62.     On or about May 24, 2015, Parker County Sheriff's Office personnel, including but not limited to Defendants Stark and Brockway, were negligent, willful, wanton, and reckless in failing to provide adequate monitoring of Coy Walker to keep him safe and secure.

63.     On or about May 24, 2015, Parker County Sheriff's Office personnel, including but not limited to Defendants Stark and Brockway, were negligent, willful, wanton, and recklessly exhibited a conscious disregard for the safety of Coy Walker in failing to keep him free from injury, harm, and death.

64.     On or about May 24, 2015, Parker County Sheriff's Office personnel, including by not limited to Defendants Stark and Brockway, were negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Coy Walker in failing to keep him in a safe and suitable environment where he could be kept free from injury, harm, and death.

65.     On or about May 24, 2015, Parker County Sheriff's Office personnel, including but not limited to Defendants Stark and Brockway, did not allow EMS to transport Coy Walker to a medical facility to be seen by a physician.

66.     As a direct and proximate result of the foregoing, Defendants Stark and Brockway

individually and as agents and/or employees of Defendant Parker County Sheriff's Office, deprived Coy Walker of his rights and privileges as a citizen of the United States, and caused Coy Walker to suffer injury and death, of which has caused the general damages requested by Plaintiffs in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

67.     The claims and causes of action for injuries to the health, reputation and person sustained by Coy Walker are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

68.     The claims and Causes of action for the wrongful death of Coy Walker are brought by his parents, Herbert J. Walker and Judy Walker, on behalf of themselves and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.


**Damages**

69.     Defendants are jointly and severally liable for the wrongs complained of herein, either by virtue of direct participation or by virtue of encouraging, aiding, abetting, committing, and/or ratifying and condoning the commission of the above described acts and/or omissions.

70.     Plaintiffs and Plaintiffs' Decedent suffered compensatory, special, and punitive damages for the following:
   a.     Extreme mental anguish and emotional distress as a result of being falsely arrested, physically assaulted, and battered by Defendants Stark and Brockway;
   b.     Extreme physical abuse, mental anguish and emotional distress as a result of the intentional infliction of emotional distress to which Defendants Stark and Brockway subjected Plaintiff;
   c.     Violation of Plaintiff's civil rights by Defendant Parker County Sheriff's Office and Defendants Stark and Brockway; and
   d.     Punitive Damages for egregious acts and omissions of Defendant Parker County Sheriff's Office and Defendants Stark and Brockway.

12

71.     Plaintiffs are entitled to attorney's fees for litigation of this matter.

72.     Plaintiffs request and are entitled to a trial by jury.

**Prayer for Relief**

Herbert J. Walker and Judy Walker, as parents and Personal Representatives of the estate of Coy Walker, deceased, prays that for judgement on his behalf and against all defendants jointly, severally, and in solido, as follows:

    a.    Compensatory, special, and punitive damages;
    b.    The cost of this action and reasonable attorney fees as provided by 42 U.S.C. § 1983;
    c.    Judicial interest from date of judicial demand;
    d.    Trial by jury; and Such further relief as this Court deems just and equitable.

Respectfully Submitted,

Herbert J. Walker for Coy Walker
2055 Ranger Highway
Weatherford, Texas 76086
Tel.: 817-771-8176
email: walkerwaterwells@gmail.com

Judy Walker for Coy Walker
2055 Ranger Highway
Weatherford, Texas 76086
Tel.: 817-771-8176
email: walkerwaterwells@gmail.com