U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN - 1 2017

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

HERBERT J. WALKER and §
JUDY WALKER, INDIVIDUALLY AND §
AS INDEPENDENT ADMINISTRATORS §
OF COY WALKER, DECEASED, §
 §
Plaintiffs, §
 §
VS. § NO. 4:17-CV-172-A
 §
PARKER COUNTY, TEXAS, ET AL., §
 §
Defendants. §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of defendant Parker County, Texas ("Parker County") to dismiss for failure to state a claim upon which relief can be granted, filed in the above-captioned action on May 2, 2017. Plaintiffs, Herbert J. Walker and Judy Walker, Individually and as Independent Administrators of Coy Walker, Deceased, have not filed a response, and the motion is ripe for review. Having reviewed the motion, the record, and applicable legal authorities, the court concludes that the motion should be granted.

I.

Plaintiffs' Claims

Construing plaintiffs' first amended complaint liberally, see Johnson v. Atkins, 999 F.2d 99, 100 (5th Cir. 1993), plaintiffs appear to assert claims under 42 U.S.C. § 1983 against

each of the defendants, Parker County, Deputy Brockway ("Brockway"), Officer Christopher Kristofek, Sheriff Larry Fowler, H.L. Casey, Ranger Tracy McDonall, Ranger Bradford, Sgt. Montgomery, Heather Case, Officer B. Overholt, and Eathan Stark ("Stark"). Additionally, under the heading titled "Count III Deputy Stark and Deputy Brockway - Negligence," plaintiffs seem to assert negligence claims against "Parker County Sheriff's Office personnel, including but not limited to Defendants Stark and Brockway . . . ." Doc. 10[1] at ¶¶ 62-65. Plaintiffs sued Stark and Brockway "individually and as agents and/or employees of Defendant [Parker County]." Id. at ¶ 66.

Plaintiffs recite the following as the factual bases of their claims:

> 14. On or about May 24, 2015, Brockway threatened Coy Walker with bodily injury by pointing the Taser as him and saying words to the effect of "I'll tase you".
>
> 15. On or about May 24, 2015, Brockway used force and/or threat of force to remove Coy Walker from 2055 Ranger Highway, Weatherford, Texas.
>
> 16. On or about May 24, 2015, Brockway placed handcuffs on the left hand of Coy Walker placing him under arrest.
>
> 17. On or about May 24, 2015, Stark wrestled Coy Walker to the ground.
>
> 18. On or about May 24, 2015, Stark slammed Coy Walker's head to the ground.

---

[1]The "Doc. __" references are to the number of the item on the docket in this action.

19. On or about May 24, 2015, Stark jumped on the neck of Coy Walker.

20. On or about May 24, 2015, Stark falsified an allegation of assault on a public servant against Coy Walker for purposes of arresting him and taking him into custody.

21. On or about May 24, 2015, Coy Walker was searched and no weapons, illicit drugs, or contraband were located.

22. On or about May 24, 2015, the property of Herbert J. Walker was searched and no weapons, illicit drugs, or contraband were located.

23. On or about May 24, 2015, Defendants including Stark and Brockway failed to timely allow life-saving medical treatment.

24. On or about May 24, 2015, Defendants including Stark and Brockway failed to timely transport Coy Walker for the administration of timely and appropriate life-saving medical treatment.

25. On or about May 24, 2015, Coy Walker died while under the custody and control of Parker County Sheriff's Office.

Id. at ¶¶ 14-25.

II.

Grounds of the Motion

Parker County asserted three grounds in support of its motion to dismiss:

1. Plaintiffs fail to allege a cause of action against Parker County.

2. Plaintiffs fail to allege any facts which would state an actionable claim against Parker County.

> 3. Plaintiffs fail to allege any facts showing a Parker County policy was the moving force causing the alleged constitutional injury.

Doc. 21.

## III.

## Applicable Pleading Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. See Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

4

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 679. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

IV.

Analysis

A. Section 1983 Claims Against Parker County

A governmental entity, such as Parker County, can be subjected to monetary damages or injunctive relief only if one of its official policies caused a person to be deprived of a federally protected right. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Parker County cannot be held liable under a theory of respondeat superior or vicarious liability. Id. Instead, liability may be imposed against a local government entity under § 1983 only "if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." Connick v. Thompson, 563

U.S. 51, 60 (2011) (quoting <u>Monell</u>, 436 U.S. at 692) (internal quotation marks omitted). To hold Parker County liable under § 1983 thus requires plaintiff to "initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted." <u>Spiller v. City of Texas City, Police Dept.</u>, 130 F.3d 162, 167 (5th Cir. 1997) (internal quotation marks and citation omitted). Therefore, liability against local government defendants pursuant to § 1983 requires proof of a policymaker, an official policy, and a violation of constitutional rights whose "moving force" is the policy or custom. <u>Piotrowski v. City of Houston</u>, 237 F.3d 567, 578 (5th Cir. 2001).

The Fifth Circuit has been explicit in its definition of an "official policy" that can lead to liability on the part of a governmental entity, giving the following explanation in an opinion issued <u>en banc</u> in response to a motion for rehearing in <u>Bennett v. City of Slidell</u>:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the

governing body of the municipality or to an official to
whom that body had delegated policy-making authority.

Actions of officers or employees of a municipality do
not render the municipality liable under § 1983 unless
they execute official policy as above defined.

735 F.2d 861, 862 (5th Cir. 1984) (per curiam).

Plaintiffs' allegations do not remotely state a § 1983 claim upon which relief can be granted against Parker County. The complaint alleges nothing pertaining to the existence of a policymaker, nor does it allege any policy or custom of Parker County apart from repeating in a conclusory manner that Parker County's "customs, policies, and practices [] were the moving force behind the constitutional violations asserted herein." Doc. 10 at ¶¶ 2-4, 6-13. As noted above, Parker County cannot be held liable under a theory of respondeat superior or vicarious liability under § 1983. Monell, 436 U.S. at 694. Whether or not plaintiffs could successfully bring a claim against the individual defendants named in the complaint, plaintiffs fail to sufficiently allege facts that would suggest liability on the part of Parker County as to plaintiffs' § 1983 claims.

B.  Negligence Claims Against Parker County

To the extent plaintiffs' complaint could be read to assert negligence claims against Parker County, such claims also fail. The doctrine of sovereign immunity protects States from liability for the negligence of its officers or agents, unless there is a

constitutional or statutory provision waiving immunity. <u>Hall v. Robinson</u>, 618 F. App'x 759, 761 (5th Cir. 2015) (citing <u>Lowe v. Tex. Tech Univ.</u>, 540 S.W.2d 297, 298 (Tex. 1976)). In Texas, the Texas Tort Claims Act provides a waiver of sovereign immunity in certain circumstances. Tex. Civ. Prac. & Rem. Code § 101.025; <u>Univ. of Tex. Med. Branch v. York</u>, 871 S.W.2d 175, 177 (Tex. 1994). To state a claim under the Act, plaintiffs must allege an injury resulting from the use of publicly-owned automobiles or a "condition or use of tangible personal or real property." Tex. Civ. Prac. & Rem. Code § 101.021; <u>Texas Dep't of Pub. Safety v. Petta</u>, 44 S.W.3d 575, 580 (Tex. 2001). Plaintiffs have not alleged any facts that would overcome Parker County's entitlement to sovereign immunity.

\* \* \* \* \*

Plaintiffs' pending motion for leave to file an amended complaint would not, if granted, cure plaintiffs' pleading deficiencies as to its claims against Parker County. The motion seeks to supplement its claims against Brockway and Stark "in their indivisual compasity [sic]," and does not any assert new facts or claims against Parker County. Nothing in plaintiffs' complaint suggests that there are facts that plaintiffs could plead to state a claim against Parker County. Providing plaintiffs with yet another opportunity to amend their complaint

would be futile. See Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 872-73 (5th Cir. 2000).

V.

ORDER

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiffs against Parker County be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal.

The court further ORDERS that the motion of Parker County for a more definite statement be, and is hereby, denied as moot.

SIGNED June 1, 2017.

JOHN McBRYDE
United States District Judge